IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 31, 2001 Session

# DANIEL SHERWOOD, ET AL. v. MICROSOFT CORPORATION, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 99C-3562      Walter C. Kurtz, Judge**

---

**No. M2000-01850-COA-R9-CV - Filed July 31, 2003**

---

WILLIAM C. KOCH, JR., J., concurring.

I concur completely with the court's disposition of the issues in this case and subscribe to the court's thorough legal analysis except for its attempted reconciliation of the conflicting decisions regarding the interpretative significance of legislative inaction.

In *Forman v. National Council on Comp. Ins., Inc.*, 13 S.W.3d 365, 373 (Tenn. Ct. App. 1999), the Middle Section of this court attached significance to the Tennessee General Assembly's failure to enact amendments expanding the scope of the Tennessee Trade Practices Act, even though it conceded that "unsuccessful attempts at legislation are not the best guides to legislative intent." Three years earlier, the Eastern Section of this court concluded that "proposed legislation, not enacted, has no consequence whatever upon the interpretation of an existing statute." *Blake v. Abbott Labs., Inc.*, No. 03A01-9509-CV-00307, 1996 WL 134947, at *3 (Tenn. Ct. App. Mar. 27, 1996) ( No Tenn. R. App. P. 11 application filed). Regrettably, the *Forman* court did not address the *Blake v. Abbott Labs., Inc.* decision.

In the context of statutory construction, I side with the Eastern Section. The Tennessee General Assembly should act with precision when it drafts statutes. Attaching significance to legislative inaction when it comes to interpreting statutory language dilutes the General Assembly's responsibility and can provide an avenue for the courts to import their own policy views into the process. Few scholars today attach interpretative significance to legislative inaction. William N. Eskridge, Jr., *The New Textualism*, 37 UCLA L. Rev. 621, 640 (1990), *reprinted in* 2A NORMAN J. SINGER, STATUTES AND STATUTORY CONSTRUCTION 581 (5th ed 1992). Justice Scalia provided the reasons for this view when he observed that it is "impossible to assert with any degree of assurance that . . . [legislative] failure to act represents (1) approval of the status quo, as opposed to (2) inability to agree upon how to alter the status quo, (3) unawareness of the status quo, (4) indifference to the status quo, or even (5) political cowardice." *Johnson v. Transportation Agency*, 480 U.S. 616, 672, 107 S. Ct. 1442, 1472 (1987) (Scalia, J., dissenting).

The plain language of Tenn. Code Ann. §§ 47-25-101, -102 (2001) covers anti-competitive acts that harm "consumers," and Tenn. Code Ann. § 47-25-106 (2001) explicitly provides a civil remedy to "[a]ny person who is injured or damaged by any such arrangement . . .." Thus, there is no need to reconcile *Blake v. Abbott Labs., Inc.* and *Forman v. National Council on Comp. Ins., Inc.* It should be sufficient for us to conclude in this case that the Tennessee General Assembly meant what it said when it enacted the Tennessee Trade Practices Act and leave it at that.

_____
WILLIAM C. KOCH, JR., JUDGE